# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH FRAZE, | ) | CASE NO.: 5:21CV2300 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Elizabeth Fraze to the Report and Recommendation ("R&R") of the Magistrate Judge. On December 16, 2022, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the denial of Fraze's application for benefits. On December 30, 2022, Fraze objected to the R&R. On January 12, 2023, the Commissioner responded to the objection. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence

in the record that would have supported an opposite conclusion." *Id.*

In her first objection, Fraze appears to contend that the R&R improperly evaluated whether the ALJ complied with the treating physician rule.[1] The treating physician rule requires the ALJ to generally give greater deference to the opinions of treating physicians due to the fact that:

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004) (quoting 20 C.F.R. § 404.1527(d)(2)) (alteration sic). This deference, however, is only appropriate if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)) (alteration sic). If the ALJ does not afford a treating physician's opinion controlling weight, he must determine how much weight is appropriate by considering a number of relevant factors including; 1) the length of the treatment relationship; 2) the frequency of examination; 3) the nature and extent of the treatment relationship; 4) supportability of the opinion based on the medical record; 5) consistency of the opinion with the record as a whole; and 6) any specialization of the treating physician. *Wilson*, 378 F.3d at 544; *see also* 20 C.F.R. § 404.1527(d)(2).

The ALJ must "always give good reasons in [the] notice of determination or decision for the weight" given to the treating source's opinion. 20 C.F.R. § 404.1527(d)(2). The reasons given must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical

---

1 Because Fraze applied for benefits prior to March 27, 2017, the treating source rule remains applicable.

opinion and the reasons for that weight." Soc. Sec. Rul. 96–2p, 1996, 1996 WL 374188, at *5.

Fraze first appears to contend that the R&R and the underlying decision of the ALJ fail to specifically address every element of the opinion of the treating source, LISW Bowers. Fraze asserts that "the ALJ does not articulate how a moderate limitation in understanding instructions is inconsistent with a marked limitation in following instructions[.]" Doc. 14 at 3. In so arguing, Fraze ignores that the R&R concluded that she "provides no support for the idea that for a satisfactory evaluation of a medical opinion the ALJ must specifically address every aspect of a treating physician's opinion." Doc. 13 at 18. Moreover, Fraze ignores that the full portion of the ALJ's decision reads:

> However, Ms. Bowers' opinion contains internal inconsistencies. For example: she opined that the claimant would be moderately limited in understanding and learning terms, instructions and procedures, but markedly limited in following one or two step oral instructions; she opined that the claimant would be moderately limited describing work activity to someone but markedly limited in asking and answering questions; she opined that the claimant would be mildly limited in recognizing a mistake and correcting it and mildly limited in using reason and judgment to make work-related decisions, but markedly limited in identifying and solving problems and markedly limited in distinguishing between acceptable and unacceptable work performance.

Doc. 8 at 28. The ALJ's full analysis demonstrates that Bowers' opinion repeatedly varies from moderate to marked limitations in substantially similar settings without any supporting rationale. As such, the ALJ and the R&R properly concluded that inconsistencies existed and warranted affording the opinion lesser weight.

Fraze next contends that the ALJ failed to take into account that the treating source opined that she would miss three to four days of work per month. However, as detailed above, the ALJ properly afforded this opinion little weight, so it was not error to refuse to include these absences in any RFC. The ALJ effectively concluded that a work environment with low stress would

remove the triggers of Fraze's absences. The Court finds no error in the R&R's resolution of this issue.

In a similar manner, Fraze asserts that the ALJ failed to consider her need for supervision when crafting her RFC. However, the ALJ properly articulated that this supervision would be unnecessary by limiting her to simple, routine tasks that do not have production requirements. As this conclusion is both logical and supported by the record, the R&R did not err in finding that the ALJ properly resolved the issue.

Finally, Fraze takes issue with the fact that the ALJ referenced her part-time work and noted that she occasionally worked 60 hours per week. First, whether it was offered in error or not, there was evidence to support this factual finding. However, even assuming it was error to reference this fact, Fraze has not highlight any substantive aspect of the ALJ's decision that was influenced by this fact. Accordingly, it cannot justify a remand.

In essence, Fraze takes issue time and again with the fact that the ALJ did not adopt all of the restrictions that would have been supported by the opinion of her treating source. However, as detailed above, the ALJ properly gave lesser weight to this opinion. As such, Fraze's objections lack merit.

For the reasons stated above, Fraze's objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.

Dated: February 24, 2023                    /s/ John R. Adams
                                            JUDGE JOHN R. ADAMS
                                            UNITED STATES DISTRICT JUDGE